UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

STEVEN LANE,

        Plaintiff,

vs.

DBI SERVICES, LLC,

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, STEVEN LANE ("Mr. Lane"), by and through undersigned counsel, and hereby files this Complaint and Demand for Jury Trial against Defendant, DBI SERVICES, LLC, and further states as follows:

**INTRODUCTION**

1. This is an action for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

2. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only

1

detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3. Defendant utilized its unequal bargaining power to render Mr. Lane defenseless against the denial of the living wage he was entitled to receive and which is protected by 29 U.S.C. § 207.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## THE PARTIES

6. At all times material, Mr. Lane was an individual residing in Orange County, Florida.

7. DBI SERVICES, LLC (hereinafter "DBI"), operates a maintenance and asset management services company throughout North America.

2

8. DBI provides a variety of services including maintenance and construction services to its clientele which includes government sector clients.

9. Mr. Lane worked for DBI as a mechanic and maintenance worker.

10. Mr. Lane was paid an hourly wage for some but not for all of the hours he worked.

11. Mr. Lane retained LaBar & Adams, P.A. to represent him and he has agreed to pay said firm a reasonable attorney's fee and costs for its services.

## GENERAL FACTUAL ALLEGATIONS

12. DBI is an "employer" as defined by 29 U.S.C. § 203(d).

13. DBI has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facilities where Mr. Lane performed work.

14. DBI employed two or more persons who have "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

15. Mr. Lane avers that at all times relevant, DBI is an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

16. At all times relevant to employment, Mr. Lane regularly used the instrumentalities of interstate commerce while performing work.

17. At all times relevant to employment, Mr. Lane regularly used the channels of commerce while performing work.

## FACTS ALLEGED

18. While working for DBI, Mr. Lane was compensated as an hourly employee.

19. While working for DBI, Mr. Lane performed mechanical work, as well as maintenance on roads and facilities.

20. Among his other duties, Mr. Lane was also responsible for daily work which consisted of truck inspections, filling tires, and preparing materials.

21. Mr. Lane was also responsible for emergency calls and was required to answer phone calls related to work throughout the night and on weekends.

22. Despite working long hours, Mr. Lane was not allowed to clock-in for all hours worked.

23. Throughout his employment, Mr. Lane was paid an hourly rate for some but not all hours worked.

24. Throughout his employment, Mr. Lane worked numerous workweeks where his hours exceeded forty but he was not paid time-and-a-half for each overtime hour worked during said week.

25. Mr. Lane regularly worked more than 40 hours in a workweek but was told by his manager that he could only report 40 hours.

26. Defendant was aware that Mr. Lane was performing uncompensated overtime work.

27. Defendant knew or should have known that Mr. Lane was not being compensated for all hours worked.

## COUNT I
## VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

28. The allegations contained in paragraphs 1-27 above are realleged herein.

29. At all relevant times, Defendant repeatedly and willfully violated § 7 and § 15 of the FLSA by failing to compensate Mr. Lane at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

30. Mr. Lane was compensated for some but not all of the overtime hours he worked during a workweek.

31. Specifically, Mr. Lane worked in excess of forty (40) hours in numerous weeks, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times of his regular rate because he was not paid for his pre-shift or post-shift work, or for time spent working through his lunch breaks.

32. Defendant willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

33. Defendant failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Mr. Lane demands judgment against Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## COUNT II- BREACH OF CONTRACT

34. Count II, as pleaded in the alternative to Count I, reincorporates paragraphs 1-27 herein.

35. On September 17, 2021, DBI, through its legal counsel and representatives, extended an offer to Mr. Lane to settle his FLSA claim.

36. Mr. Lane accepted DBI's offer to settle on September 22, 2021.

37. DBI agreed to pay the monetary sum of $7,500.

38. DBI has breached the agreement by failing to pay the sum owed.

39. As a result of the breach, Mr. Lane has been damaged and has incurred additional costs because of the breach.

WHEREFORE, Mr. Lane, demands judgment against DBI Services LLC, for damages including all amounts owed as a result of the breach of contract, pre-judgment and post-judgment interest, reasonable attorney fees and costs, and such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Dated: January 7, 2022                              Respectfully submitted,

*/s/ N. Ryan LaBar, Esq.*
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email:rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)